**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KWESI HUDSON,

Petitioner,

v.

STATE OF NEW JERSEY, et al.,

Respondents.

Civil Action No. 11-6962 (RMB)

**MEMORANDUM OPINION**

IT APPEARING THAT:

1. The Clerk received Petitioner's application for a writ of habeas corpus, executed pursuant to 28 U.S.C. § 2254 ("Petition"). See Docket Entry No. 1. The Petition arrived unaccompanied by Petitioner's filing fee or by his in forma pauperis ("IFP") application. See Docket Entry No. 1-1.

2. Petitioner submitted a letter in lieu of his IFP application. See id. The letter reads as follows:

> Dear CLERK: I am very much indigent. I've no available resources to aid the HABEAS CORPUS endeavor I am now undertaking, thus, I solicit your assistance procuring legal representation in the instant matter, and any obligatory subsidy to meet my dire need. P1ease accept what is submitted herein, in lieu of a formal certificate (I do not wish to involve "institutional" staff in personal issues). If further proof of my poverty-stricken predicament is required in order to proceed on a "POOR" status standard – advise me immediately so that this laboriously tedious process can begin. I'd rather suffer a worse state of privation paying with my last than enduring humiliation incurred on the way formatted at #6 of

> the PETITION’s cover-page. I am very poor, but if you prefer that I expend $5 I cannot spare, then inform me promptly – and so be it. I earn $1.45 per day, five days a week less holidays, hence, I am literally destitute and would like to proceed in forma pauperis.

Id. (capitalization in original).

3. Section 1914 provides that “[t]he [C]lerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $ 350 except that on application for a writ of habeas corpus the filing fee shall be $ 5.” 42 U.S.C. § 1914(a). The Supreme Court, however, observed that, “while [$ 5] is . . . an 'extremely nominal' sum, if one does not have it and is unable to get it[,] the fee might as well be [$ 500].” Smith v. Bennett, 365 U.S. 708, 712 (1961). Therefore, a related statute, Section 1915, governs applications filed in forma pauperis (“IFP”) and provides, in relevant part, that leave to proceed IFP may be granted in any suit to a litigant “who submits an affidavit [which demonstrates] that the [litigant] is unable to pay such fees or give security therefor.” 28 U.S.C. § 1915(a)(1).

4. Specifically, in a habeas matter, the prisoner seeking to proceed IFP must submit to the Clerk: (a) a completed affidavit of poverty; and (b) a certification signed by an authorized officer of the institution certifying both the amount presently on deposit in the petitioner's prison

      account as well as the greatest amount on deposit in the petitioner's prison account during the six month period prior to the date of the certification. See Local Civil Rule 81.2(b). Consequently, to submit an application to proceed IFP in a habeas case, the prisoner must: (a) complete all questions in his/her affidavit, sign and date that affidavit; and (b) obtain the signature of the appropriate prison official who certifying the prisoner's present and the greatest six-month amounts. See id.

5. The prisoner's legal obligation to prepay the filing fee or to duly obtain IFP status is automatically incurred by the very act of initiation of his/her legal action. See Hairston v. Gronolsky, 2009 U.S. App. LEXIS 22770, at *5 (3d Cir. Oct. 15, 2009) (citing Hall v. Stone, 170 F.3d 706, 707 (7th Cir. 1999)). If the application to proceed IFP is incomplete, the Court may enter an order denying the application without prejudice and administratively terminating the case; that outcome applies both to civil complaints and habeas petitions.

6. Here, Petitioner neither submitted his filing fee nor duly applied for IFP status. See Docket Entry No. 1-1. However, while noting: (a) this Court's concern with Petitioner's unwarranted, indeed, frivolous position that the requirements posed by 42 U.S.C. § 1914(a) and Local Civil

    Rule 81.2(b) subject litigants to undue "humiliation," see id. (So qualifying the IFP requirement); and (b) this Court's disagreement with Petitioner's position that commencement of a legal action in a federal court is a "personal issue," because this matter is time-barred for the reasons set forth below, this Court construes Petitioner's letter, in lieu of a duly executed IFP application. Thus, Petitioner will be granted IFP status: for the purposes of these proceedings only.

7. The Petition indicates the following:

a. Petitioner was convicted by the Superior Court of New Jersey, Law Division, Gloucester County, on May 31, 2002. See Docket Entry No. 1, at 2.

b.

> For each of the robbery convictions, [Petitioner] received a concurrent sentence of imprisonment for twenty years, with seventeen years to be served without parole pursuant to the No Early Release Act ("NERA") . . . . For the third-degree weapons offense, which was subsequently merged with the fourth-degree weapons offense, he received a concurrent sentence of five years with eighty-five percent to be served without parole pursuant to NERA. On appeal, [the Superior Court of New Jersey, Appellate Division,] affirmed the convictions but remanded for merger of the sentence on the weapons offense.

State v. Hudson, 2011 WL 204866, at *2. The Appellate Division's affirmance of Petitioner's conviction took

        place on February 26, 2004.[1] See id. Petitioner then applied for certification with the Supreme Court of New Jersey.

c. On May 21, 2004, the Supreme Court of New Jersey denied his petition for certification. See State v. Hudson, 180 N.J. 357 (2004); accord Docket Entry No. 1, at 3.

d. Three years later, that is, on May 23, 2007, Petitioner initiated his post-conviction-review ("PCR") proceedings. See id. at 4. Having his PCR application denied by the Superior Court, Law Division, Petitioner appealed that finding to the Appellate Division, which denied his appeal on January 24, 2011. See State v. Hudson, 2011 WL 204866; accord Docket Entry No. 1, at 5. Petitioner, therefore, sought certification from the Supreme Court of New Jersey, which was denied on September 9, 2011. See State v. Hudson, 208 N.J. 337 (2011); accord Docket Entry No. 1, at 6.

e. The Petition at bar was executed two and a half months later, that is, on November 22, 2011. See Docket Entry No. 1, at 17.

[1] Petitioner erroneously designated the date of the Appellate Division's decision as February 24, 2004. See Docket Entry No. 1, at 3. However, this discrepancy has no bearing on this Court's analysis.

8.  On April 24, 1996, Congress enacted Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  For the purposes of Petitioner's Application, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1).  A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.  Here, Petitioner's AEDPA period of limitations began to run 90 days after the Supreme Court of New Jersey issued its decision as to his direct appeal, i.e., 90 days after May 21, 2004; which means that Petitioner's limitations period was triggered on August 19, 2004.  Correspondingly, this limitations period expired one year later, that is, on August 18, 2005, i.e., more than

a year and a half prior to Petitioner's May 23, 2007, filing of his PCR petition.

9. The statute of limitations under § 2244(d) is subject to tolling exceptions, that is, statutory tolling and equitable tolling. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998). Section 2244(d)(2) requires statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2), provided that the application to the state court seeking collateral review was filed during the period of limitations. Here, in contrast, no statutory tolling ensued from Petitioner's filing of his PCR: Petitioner's PCR proceedings cannot be relevant to the Court's analysis since Petitioner filed his PCR long after his period of limitations expired. See Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004). Simply put, Petitioner's instant Petition has been untimely since August 18, 2005.

10. The AEDPA statute of limitations is also subject to equitable tolling. See Holland v. Florida, 130 S. Ct. 2549 (2010), Miller v. N.J. State Dep't of Corr., 145 F.3d 616,

618 (3d Cir. 1998). "[A] litigant seeking equitable tolling [would] bear[] the burden of establishing two elements: (a) that he has been pursuing his rights diligently, and (b) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005); see also Holland, 130 S. Ct. 2549. The Third Circuit instructs that equitable tolling could be appropriate only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005); see also Holland, 130 S. Ct. 2549 (same). Mere excusable neglect is not sufficient. See id.; see also Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). Extraordinary circumstances have been found where: (a) the respondent has actively misled the plaintiff, (b) the petitioner has in some extraordinary way been prevented from asserting his rights, (c) the petitioner has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (d) the court itself has misled a party regarding the steps that the party needs to take to preserve

a claim. See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Moreover, even where extraordinary circumstances do exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)). Here, equitable considerations are inapplicable to Petitioner's instant application, since the record reveals that Petitioner has spent the last six years in active and robust litigation of his PCR challenges, which indicates that Petitioner could have commenced a federal habeas proceeding had he wished to do so. Therefore, his Petition is subject to dismissal, as facially untimely.

11. The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA") on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the

district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Here, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct. The Court, therefore, will dismiss the Petition with prejudice and will decline to issue a certificate of appealability, pursuant to 28 U.S.C. § 2253(c).[2]

[2] Although the Petition at hand appears time-barred, this Court is mindful of Petitioner's pro se litigant status and cannot rule out the possibility that Petitioner: (a) has valid grounds to seek equitable tolling; but (b) somehow omitted to address this vital issue in his instant application and, moreover, being served with Respondents' answer, elected not to oppose Respondents' conclusions. In the event Petitioner has a basis to hold a bona fide belief that his Petition is timely, the Court strongly encourages Petitioner to seek reconsideration of the instant Order. To that effect, the Court notes that Petitioner's motion for reconsideration need not be a formal submission, and a mere written statement of pertinent facts would suffice (although Petitioner's discussion of these facts must be detailed and shall address the entirety of the period at issue, i.e., from August 18, 2005, to November 22, 2011). In the event Petitioner timely submits such application, see Local Civil Rule 7.1(i) (providing that a motion for consideration "shall be served and filed within 14 days after the entry of the order or judgment"), this Court will direct the Clerk to reopen the

12. An appropriate Order accompanied this Memorandum Opinion.

s/Renée Marie Bumb
**RENÉE MARIE BUMB,**
**United States District Judge**

Dated: December 22, 2011

instant matter and will examine the facts set forth in Petitioner's motion for reconsideration.