```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                :
KWESI HUDSON,                   :
                                :  Civil Action No. 11-6962 (RMB)
          Petitioner,           :
                                :
     v.                         :  **MEMORANDUM OPINION AND ORDER**
                                :
STATE OF NEW JERSEY, et al.,    :
                                :
          Respondents.          :
_____:

This matter comes before the Court upon Petitioner's motion for reconsideration, <u>see</u> Docket Entry No. 5, and it appearing that:

On November 30, 2011, the Clerk received Petitioner's application for a writ of habeas corpus, executed pursuant to 28 U.S.C. § 2254 ("Petition"). <u>See</u> Docket Entry No. 1. On December 22, 2011, the Court dismissed the Petition as untimely. <u>See</u> Docket Entry No. 3 (dismissing the Petition and declining to issue a certificate of appealability). However, the Court expressly stated:

> Although the Petition at hand appears time-barred, this Court is mindful of Petitioner's <u>pro se</u> litigant status and cannot rule out the possibility that Petitioner: (a) has valid grounds to seek equitable tolling; but (b) somehow omitted to address this vital issue in his instant application . . . . In the event Petitioner has a basis to hold a <u>bona fide</u> belief that his Petition is timely, the Court strongly encourages Petitioner to seek reconsideration of the instant Order. To that effect, the Court notes that Petitioner's motion for reconsideration need not be a formal submission, and a mere written

> statement of pertinent facts would suffice (although Petitioner's discussion of these facts must be detailed and shall address the entirety of the period at issue, <u>i.e.</u>, from August 18, 2005, to November 22, 2011).

Docket Entry No. 2, at 10-11, n.2.

In accordance with the guidance provided to him, Petitioner moved for reconsideration of this Court's order dismissing his Petition as untimely. <u>See</u> Docket Entry No. 5. Petitioner's motion stated, in relevant part:

> Overall perhaps a great deal of the problem [P]etitioner has had with meeting procedural timeframes is that he was constantly transferred from one state prison to another between the years of 2004 through 2011. Because [P]etitioner was never stationary for any significant period of time, his legal correspondence was often returned to sender or misplaced. Likewise [P]etitioner did not have the benefit of counsel at critical stages of the appellate process, including the commencement of habeas corpus action. Moreover [P]etitioner was misguided by appellate counsel into believing that "PCR" was a necessary exhaustion before pursuing a petition for habeas corpus relief. In effect [P]etitioner was directed into a procedural default under the "AEDPA", by the misguidance of appellate counsel. As a Pro Se litigant [P]etitioner was wholly unfamiliar with the requirements under the "AEDPA". Petitioner has always pursued the appeal of his conviction in a timely manner, to the best of his ability.

Docket Entry No. 5, at 3-4.

On the basis of the foregoing, Petitioner requests a grant of equitable tolling.[1] <u>See</u> <u>id.</u> at 4.

---

[1] Petitioner also pointed out that this Court's order and accompanying opinion were sent to the East Jersey State Prison,

2

For the reasons below, Petitioner's position is without merit.

Petitioner is correct that, in a certain scenario, the conduct of a litigant's attorney might provide a valid basis for equitable tolling. Such circumstance, however, might result only from the acts qualifying as attorney's actual or constructive abandonment of his/her client, and that abandonment must either occur in, or directly affect, the very action with regard to which equitable tolling is being sought. See Nara v. Frank, 264 F.3d 310 (3d Cir. 2001) (ordering evidentiary hearing as to equitable tolling where petitioner facing the death penalty was effectively abandoned by his lawyer), overruled on other grounds, Carey v. Saffold, 536 U.S. 214 (2002); see also Holland, 130 S. Ct. at 2565 (where attorney "failed to communicate with his client over a period of years, despite various pleas from [client, and] the failures seriously prejudiced a client who thereby lost what was likely his single opportunity for federal

---

the facility where Petitioner, allegedly, was not confined since 2005. See Docket Entry No. 5, at 3. Petitioner did not explain how this Court's order and opinion found their way to Petitioner. Analogously, Petitioner did not point out the statement indicating his address in the Petition he submitted; therefore, it appears that the Clerk's designation of Petitioner's address in accordance with the Clerk's records and information available online was reasonable. The Court, however, taking notice of Petitioner's letter, Docket Entry No. 4 (inquiring about the status of his habeas application rather than informing the Clerk of Petitioner's whereabouts), will direct the Clerk to change Petitioner's address to the location designated in that letter.

habeas review of the lawfulness of . . . his death sentence," such gross misconduct might have constituted extraordinary circumstances); accord Seitzinger v. Reading Hosp. and Med. Ctr., 165 F. 3d 236, 237 (3d Cir. 1999) (equitable tolling was appropriate in Title VII case where "a diligent client persistently questioned the lawyer as to whether he had filed the complaint in time, and he affirmatively misrepresented to her that he had"). Moreover, an attorney's neglect/abandonment may qualify as an "extraordinary circumstance" warranting equitable tolling only if such neglect/abandonment is shown to be "egregious." See Holland, 130 S. Ct. at 2563 ("[A]t least sometimes, professional misconduct . . . could . . . amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling"); compare Johnson v. Hendricks, 314 F.3d 159, 160 (3d Cir. 2002) (an attorney's mistake in determining the petition's due date did not constitute extraordinary circumstances); Smith v. Gillis, 2004 WL 573957, at *3 (E.D. Pa. Mar. 4, 2004) (an attorney's failure to timely notify petitioner of the state court's decision affirming the dismissal of his petition was not an extraordinary circumstance).

In Holland, supra, the Supreme Court found that the conduct of a federal habeas petitioner's attorney could "be an 'extraordinary' instance [if the] petitioner's attorney's conduct

4

constituted far more than 'garden variety' [error] or 'excusable neglect.'" Id. at 2564. It might occur where the attorney:

> failed to file [the petitioner's] federal petition on time despite [the petitioner's] many letters that repeatedly emphasized the importance of his doing so. [The attorney] apparently did not do the research necessary to find out the proper filing date, despite [the petitioner's] letters that went so far as to identify the applicable legal rules. [The attorney also] failed to inform [the petitioner] in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite [the petitioner's] many pleas for that information. And [the attorney] failed to communicate with [the petitioner] over a period of years, despite various pleas from [the petitioner] that [the attorney] respond to his letters.

Id.

Indeed, despite the attorney's blatant disregard for the petitioner's interests in Holland, the petitioner's repeated efforts to have new counsel appointed – including contacting the state courts, their clerks, and the Florida Bar Association – were denied. See id. at 2565. When the petitioner in Holland ultimately discovered that his AEDPA year had expired because of his attorney's abandonment, he prepared his habeas petition pro se and filed it with the district court on the very day he learned that his AEDPA filing period had expired. See id. at 2553-56. On the basis of *these* facts, the Supreme Court found that further factual consideration was needed to determine: (a) whether counsel's failure to timely file the habeas petition, to correctly determine the filing deadline, and to respond to the

5

petitioner's many requests for information amounted to extraordinary circumstances within the meaning of the equitable tolling doctrine; and (b) whether the petitioner's actions showed a sufficient degree of due diligence as to his efforts to have his habeas petition timely filed.  See generally, Holland v. Florida, 130 S. Ct. 2549.

The Supreme Court addressed a related issue in a recent decision, Maples v. Thomas, 2012 U.S. LEXIS 905 (entered January 18, 2012).  In Maples, the petitioner's PCR application was prepared by two New York attorneys.  See id. at *9.  While that PCR application was pending before the trial court, the petitioner's New York attorneys left their firm for other employment without notifying either the petitioner or the trial court about their inability to continue the petitioner's representation.  See id.  When the petitioner's PCR application was denied, notices of the same were sent to the attorneys at their former firm's address and returned to the trial court undelivered and unopened.  See id.  The trial court clerk attempted no further mailing, hence leaving the petitioner without notice that his time to appeal had been triggered.  See id.  Having no such notice, the petitioner procedurally defaulted on his PCR appeal, and that procedural default barred him from raising his claims in his federal habeas petition.  See id.

6

Performing an analysis substantively analogous to that conducted in Holland, the Supreme Court found that the petitioner in Maples showed "cause" for the purposes of overcoming the procedural default bar on the grounds of attorney abandonment, which took away not only the petitioner's ability to timely raise his appellate PCR challenges but also the petitioner's ability to raise his federal habeas claims.  See generally Maples v. Thomas, 2012 U.S. LEXIS 905; compare Schlueter v. Varner, 384 F. 3d 69, 77-78 (3d Cir. 2004) (where attorney had allegedly represented that he would file a PCR application, but the prisoner had not taken "affirmative steps to ensure the timely filing" of such PCR application, equitable tolling was unwarranted).

In contrast to the above cases, where the actions of attorney have no direct bearing on the federal habeas proceeding, the actions of the attorney – even if shown to be egregious – cannot supply a valid basis for equitable tolling.  See, e.g., Webster v. Ricci, 2012 U.S. Dist. LEXIS 11589 (D.N.J. Jan. 30, 2012) (where the first public defender appointed to represent the petitioner during his PCR proceedings failed to perfect his first PCR application and caused its dismissal, and the second public defender failed to include the challenges the petitioner desired to raise in his second PCR, causing remand of that second PCR proceeding, these shortcomings failed to provide a valid basis for equitable tolling because "the shortcomings . . . plaguing

7

the performance rendered by the public defender appointed to represent Petitioner . . . in no way prevented or barred Petitioner from raising any claims before this Court.  <u>A fortiori</u>, these shortcomings could not prevent Petitioner from raising his instant habeas challenges in a timely manner").

Here, Petitioner raises three grounds in support of his request for equitable tolling: (a) he was frequently transferred from one facility to another between 2004 and 2011; (b) his PCR counsel erroneously represented to him that a PCR application must be filed prior to filing of a federal habeas application under § 2254; and (c) he was ignorant of the AEDPA-based statute of limitations requirements.  <u>See</u> Docket Entry No. 5.  Neither Petitioner's ignorance of the law nor his alleged transfers from prison to prison supply a valid basis for equitable tolling. <u>See</u>, <u>e.g.</u>, <u>Berry v. Ray</u>, 229 Fed. App'x 697 (10th Cir. April 11, 2007) (inmate was not entitled to equitable tolling on the ground of his transfers between facilities and the fact that his prison lacked a law library because ignorance of the law, even for an incarcerated <u>pro se</u> petitioner, did not excuse failure to perform prompt filing); <u>Malone v. Okla.</u>, 100 Fed. App'x 795, <u>writ of habeas corpus dismissed sub nom.</u>, <u>Malone v. Workman</u>, 2008 U.S. App. LEXIS 13318 (10th Cir., June 20, 2008) (where a prisoner filed his habeas corpus petition more than two years after the one-year limitations period had expired, the prisoner's claims of

ignorance of the law, lack of law-clerk assistance, and illiteracy did not justify tolling the period); <u>Sanchez v. Poole</u>, 79 Fed. App'x 254 (9th Cir. Oct. 10, 2003) (claim that inmate was prevented from timely filing her habeas petition due to her trial counsel's delay in forwarding the inmate her case files and the inmate's ignorance of law was rejected; any hardship she suffered was caused by her own inaction during limitations period); <u>Garcia-Dominguez v. Mahaffey</u>, 17 Fed. App'x 827 (10th Cir. Aug. 15, 2001) (where a copy of the relevant statute was not unavailable in the library, but merely kept in a reserved area, prisoner failed to show an extraordinary circumstance that warranted equitable tolling of the habeas corpus limitation provision), <u>cert. denied</u>, 2002 U.S. LEXIS 3909 (2002); <u>Felder v. Johnson</u>, 204 F.3d 168 (5th Cir. 2000) (ignorance of requirements under Anti-Terrorism and Effective Death Penalty Act of 1996 due to inadequacies of prison library did not justify equitable tolling of statute of limitations), <u>cert. denied</u>, 2000 U.S. LEXIS 8129 (2000).

    Petitioner's remaining argument that his PCR counsel erroneously advised him that PCR relief had to be sought as a prerequisite to filing a federal habeas petition is also without merit. Indeed, nothing in PCR counsel's advice, even if substantively erroneous, prevented Petitioner from commencing his PCR proceedings in less that a year from his judgment of

conviction becoming final and then filing the instant Petition immediately upon conclusive denial of PCR relief: in order to ensure that his § 2254 application with this Court would be timely.  Moreover, even if Petitioner was misled by his PCR counsel as to the time frame relevant to his filing of federal habeas action and had no immediate means to determine his federal deadline with a sufficient degree of certainty, Petitioner could always file a "protective" application ensuring that his opportunity to seek federal habeas relief would remain preserved. See Lawrence v. Florida, 549 U.S. 327 (holding that "counsel's mistake in miscalculating the limitations period" is not extraordinary circumstance warranting equitable tolling because, "[i]f credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline"); Pace, 544 U.S. at 416-417 ("A prisoner . . . might avoid [dismissal of his federal habeas petition on the grounds of untimeliness] by filing a 'protective' petition in federal court") (citing Rhines v. Weber, 544 U.S. 269 278 (2005)).  In sum, Petitioner has failed to assert extraordinary circumstances to support equitable tolling.

   A motion for reconsideration is a device of limited utility. There are only four grounds upon which a motion for reconsideration might be granted: (a) to correct manifest errors of law or fact upon which the judgment was based; (b) to present

newly-discovered or previously unavailable evidence; (c) to prevent manifest injustice; and (d) to accord the decision to an intervening change in prevailing law.  See 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986) (purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence). "To support reargument, a moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Tp., 996 F. Supp. 409, 442 (D.N.J. 1998).  In contrast, mere disagreement with the district court's decision is an inappropriate ground for a motion for reconsideration: such disagreement should be raised through the appellate process.  See id. (citing u, 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)); see also Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001) (a motion for reconsideration may not be used as a means to reargue unsuccessful theories).  Consequently, "[t]he Court will only entertain such a motion where the overlooked matters, if considered by the Court, might reasonably have resulted in a different conclusion." Assisted Living, 996 F. Supp. at 442; see

also <u>Continental Cas. Co. v. Diversified Indus., Inc.</u>, 884 F. Supp. 937, 943 (E.D. Pa. 1995) ("[M]otions for reconsideration should be granted sparingly"). Here, Petitioner's motion failed to assert a basis warranting revocation of this Court's prior order. Therefore, the Petition will remain dismissed as untimely, and no certificate of appealability will issue.[2]

IT IS, therefore, on this **1st** day of **May 2012**,

**ORDERED** that the Clerk shall reopen this matter for the purposes of this Court's examination of Petitioner's motion for reconsideration, Docket Entry No. 5, by making a new and separate entry on the docket reading, "CIVIL CASE REOPENED"; and it is further

**ORDERED** that Plaintiff's motion, Docket Entry No. 5, is granted in form and denied in substance, and the Petition, Docket Entry No. 1, shall remain dismissed as untimely, and no certificate of appealability shall issue; and it is further

---

[2] The United States Court of Appeals for the Third Circuit guided that a litigant's motion for reconsideration should be deemed "granted" when the court (the decision of which the litigant is seeking a reconsideration of) addresses the merits — rather than the mere procedural propriety or lack thereof- of that motion.  See <u>Pena-Ruiz v. Solorzano</u>, 281 Fed. App'x 110, 2008 U.S. App. LEXIS 12436, at *2-3, n.1 (3d Cir. 2008). However, the very fact of the court's review does not prevent the court performing such reconsideration analysis (of the original application, as supplanted by the points raised in the motion for reconsideration) from reaching a disposition identical — either in its rationale or in its outcome, or in both regards — to the court's decision previously reached upon examination of the original application.  See <u>id.</u>

**ORDERED** that the Clerk shall close the file on this matter by making a new and separate entry on the docket reading, "CIVIL CASE CLOSED"; and it is further

**ORDERED** that the Clerk shall change Petitioner's mailing address on the docket to "Southern State Correctional Facility, 4295 Route 47, Delsea Drive, Delmont, New Jersey 08314"; and it is finally

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner at the aforesaid address by means of regular U.S. mail.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**
